**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-60918-CIV-ALTONAGA**

**RAFAELINA CUPETE SALAZAR**,

       Petitioner,

v.

**WARDEN, BROWARD**
**TRANSITIONAL CENTER**, *et al.*,

       Respondents.

_____/

**<u>ORDER</u>**

**THIS CAUSE** comes before the Court on *pro se* Petitioner, Rafaelina Cupete Salazar's

Verified Petition for Writ of Habeas Corpus . . . [ECF No. 1], filed on March 31, 2026.[1]  Petitioner

challenges her detention in the custody of Immigration and Customs Enforcement and seeks

release from confinement.  (*See generally* Pet.).  For the following reasons, the Petition is

dismissed as facially deficient.

The Petition is deficient because it is not signed under penalty of perjury, as required by

statute and rule.  (*See generally* Pet.).  Federal law requires that a habeas petition be "signed *and*

*verified* by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C.

§ 2242 (emphasis added); *see also* R. Governing § 2254 Cases 2(c)(5) (requiring that petitions "be

signed under penalty of perjury by the petitioner or by a person authorized to sign it for the

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted).  "Absent evidence to the contrary, [the Court assumes] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (alteration added; citation omitted).

petitioner under 28 U.S.C. [section] 2242" (alteration added)).[2]   Consistent with these requirements, Local Rule 88.2 provides that habeas petitions filed under 28 U.S.C. § 2241 must "be signed under penalty of perjury by [the] petitioner" or "by a person authorized to sign it" on the petitioner's behalf.  S.D. Fla. L.R. 88.2(a) (alteration added).

Because the Petition is not verified, it is facially deficient.  *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (recognizing courts are authorized to dismiss a habeas petition that appears legally insufficient on its face).

Accordingly, it is **ORDERED** as follows:

1.  *Pro se* Petitioner, Rafaelina Cupete Salazar's Petition **[ECF No. 1]** is **DISMISSED** without prejudice.  The Clerk shall **CLOSE** the case.

2.  Should Petitioner file an amended section 2241 petition by **April 15, 2026**, the case will be reopened.  Petitioner's amendment shall be limited to explaining why she believes her current detention violates due process and is not presumptively reasonable.  The amended petition shall not exceed 20 pages in length; **it must be signed under penalty of perjury**; and Petitioner must state sufficient, particularized facts supporting the basis for his requested relief.

3.  The amended section 2241 petition shall be labeled "Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. Section 2241" and shall include case number 26-21957-CIV-ALTONAGA.  The amended petition will be the operative pleading for the remainder of the case, and Petitioner cannot incorporate by reference any past filings.

4.  The Clerk is **DIRECTED** to provide Petitioner with a copy of the form Petition for Writ of Habeas Corpus Under 28 U.S.C. Section 2241.

---

[2] *See also* R. Governing § 2254 Cases 1(b) ("The district court may apply [the Rules Governing Section 2254 Cases] to a [section 2241] habeas corpus petition[.]" (alterations added)).

CASE NO. 26-60918-CIV-ALTONAGA

**DONE AND ORDERED** in Miami, Florida, this 1st day of April, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      Petitioner, *pro se*

3