**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-60918-CIV-ALTONAGA**

**RAFAELINA CUPETE SALAZAR**,

      Petitioner,

v.

**WARDEN, BROWARD**
**TRANSITIONAL CENTER**, *et al.*,

      Respondents.

_____/

**<u>ORDER</u>**

      **THIS CAUSE** comes before the Court on *pro se* Petitioner, Rafaelina Cupete Salazar's

Amended Petition for Writ of Habeas Corpus under 28 U.S.C. Section 2241 [ECF No. 7], filed on

April 6, 2026.[1]  Petitioner challenges his detention in the custody of Immigration and Customs

Enforcement and seeks release from confinement.  (*See generally* Pet.).

      Accordingly, it is

      **ORDERED** as follows:

      1.  Counsel for Respondents shall immediately notify the Court of receipt of this Order and

the name of the Assistant United States Attorney to whom the case is assigned.

      2.  On or before **April 27, 2026**, Respondents shall file a memorandum of fact and law to

show cause why the Petition should not be granted and shall file all documents and transcripts

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."  *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted).  "Absent evidence to the contrary, [the Court assumes] that a prisoner delivered a filing to prison authorities on the date that he signed it."  *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (alteration added; citation omitted).

necessary for resolution of the Petition.  Respondents shall address all claims raised by Petitioner on the merits even if procedural defenses are also asserted as to some or all claims.  Respondents are further required to provide Petitioner full and complete copies of all documents filed in support of its response.  *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Rodriguez v. Fla. Dep't of Corrs.*, 748 F.3d 1073, 1077 (11th Cir. 2014) ("[A]ll documents referenced in the State's answer and filed with the Court must be served on the habeas petitioner." (alteration added)).

3.  Counsel for Respondents is requested to caption the response as a "response" and not a "motion to dismiss."

4.  Any motion for an extension of time allowed for the filing of the response or answer must be case-specific and must detail the reasons the extension is sought.  **Any motion seeking an extension of time due to an inability to procure records shall be accompanied by documentation showing that the records were requested in a timely fashion, that they remain unavailable, and the date on which they are expected to be received**.

5.  Petitioner may, but is not required to, file a reply within **fourteen (14) days** of the date on which the Court dockets Respondents' response, which date is shown by the response's certificate of service.  The Court will **not** use the date on which Petitioner signs the reply or the date on which Petitioner submits the reply to prison authorities for mailing as the date of filing.  Therefore, the Court cautions Petitioner that he must take any potential mailing delays into consideration when determining by when to submit the reply to prison authorities for mailing.  If the reply is not filed within 14 days of the date of docketing of the response, the Court will deem the matter submitted and will not consider any untimely reply.

CASE NO. 26-60918-CIV-ALTONAGA

**DONE AND ORDERED** in Miami, Florida, this 20th day of April, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      Petitioner, *pro se*
            counsel of record

3