**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-60918-CIV-ALTONAGA**

**RAFAELINA CUPETE SALAZAR**,

      Petitioner,

v.

**WARDEN, BROWARD**
**TRANSITIONAL CENTER**, *et al.*,

      Respondents.

_____/

**<u>ORDER</u>**

      **THIS CAUSE** came before the Court *sua sponte*. On April 7, 2026, *pro se* Petitioner, Rafaelina Cupete Salazar filed an Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. Section 2241 [ECF No. 7], challenging her detention at the Broward Transitional Center in Pompano Beach, Florida. (*See generally id.*). On April 21, 2026, Respondents filed a Response [ECF No. 10], attaching an April 21, 2026 order from an Immigration Judge ("IJ") ordering Petitioner's "voluntary departure under safeguards." (*Id.*, Ex. 1, Apr. 21, 2026 Order of the Immigration Judge [ECF No. 10-1] 1).[1] Independent review of public records reveals that Petitioner is no longer in ICE custody.[2] *See Burnsed v. Peachtree Hous. Comtys. II, LLC*, No. 19-cv-02233, 2020 WL 13526669, at *3 n.26 (N.D. Ga. Jan. 28, 2020) (recognizing "a district court may take judicial notice of public records published by governmental agencies" (citations omitted)).

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[2] The ICE Online Detainee Locator System no longer shows that Petitioner is detained at the Broward Transitional Center. (Available at https://locator.ice.gov/odls/#/search (search A-Number: 244-971-838; Country of Birth: Dominican Republic).

CASE NO. 26-60918-CIV-ALTONAGA

If Petitioner has been released or removed from the United States, her application for habeas relief is now likely moot. *See Thompson v. Whiddon*, No. 13-cv-150, 2015 WL 6445838, at *3 (M.D. Fla. Oct. 23, 2015) (finding it could "no longer give Petitioner any meaningful relief" where it was "undisputed that Petitioner ha[d] left the United States" (alteration added; citation omitted)); *Vitkus v. Holder*, No. 13-cv-116, 2015 WL 4042014, at *2 (M.D. Fla. July 1, 2015) (explaining "[a]n alien's release from extended detention by ICE, even under an order of supervision, generally renders moot a [section] 2241 petition challenging the legality of his prior detention" (alterations added)).

Accordingly, it is

**ORDERED** that Respondents have until **May 12, 2026**, to submit a memorandum stating whether Petitioner remains in ICE custody.

**DONE AND ORDERED** in Miami, Florida, this 7th day of May, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     Petitioner, *pro se*
        counsel of record

2