**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-60918-CIV-ALTONAGA**

**RAFAELINA CUPETE SALAZAR**,

      Petitioner,

v.

**WARDEN, BROWARD**
**TRANSITIONAL CENTER**, *et al.*,

      Respondents.

_____/

**<u>ORDER</u>**

**THIS CAUSE** came before the Court *sua sponte*.  On April 7, 2026, *pro se* Petitioner, Rafaelina Cupete Salazar filed an Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. Section 2241 [ECF No. 7], challenging her detention at Broward Transitional Center in Pompano Beach, Florida, in the custody of Immigration and Customs Enforcement ("ICE") and seeking release from confinement.  (*See generally id.*).  On April 21, 2026, Respondents filed a Response [ECF No. 10], attaching an April 21, 2026 order from an Immigration Judge ("IJ") ordering Petitioner's "voluntary departure under safeguards."  (*Id.*, Ex. 1, Apr. 21, 2026 Order of the Immigration Judge [ECF No. 10-1] 1).[1]  Consequently, on May 8, 2026, the Court entered an Order [ECF No. 11], requiring Respondents "to submit a memorandum stating whether Petitioner remains in ICE custody."  (*Id.* 2 (alteration added)).  On May 11, 2026, Respondents filed a Response [ECF No. 12], explaining that Petitioner was released from immigration custody on April 30, 2026.  (*See id.*; *see also id.*, Ex. 1, Detention History [ECF No. 12-1] 1).

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (alteration added; citations omitted).  "Under Article III of the United States Constitution, the subject matter of federal courts extends only to 'cases or controversies.'"  *Bowen v. First Fam. Fin. Servs., Inc.*, 233 F.3d 1331, 1339 (11th Cir. 2000) (quoting *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1244 (11th Cir. 1998)).

"As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody."  *Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1289 (11th Cir. 2019) (citations omitted).  To be sure, "a habeas petition filed by a subsequently deported alien who challenges not only his detention, but also a final order of removal, may survive a mootness challenge."  *Id.* at 1290 (citing *Moore v. Ashcroft*, 251 F.3d 919, 922 (11th Cir. 2001); *Soliman*, 296 F.3d 1237, 1243 n.2).

Here, Petitioner exclusively challenges her detention.  (*See generally* Am. Pet.).  In Count I, Petitioner claims her continued detention "without a bond hearing violates her constitutional rights."  (*Id.* ¶ 46; *see also id.* ¶¶ 43–46).  In Count II, Petitioner asserts she is entitled to a bond hearing, and Respondents' application of section 1225(b)(2) is contrary to law.  (*See id.* ¶¶ 47–49).  In Count III, Petitioner alleges Respondents' refusal to provide a bond hearing is unlawful.  (*See id.* ¶¶ 50–53).  In Count IV, Petitioner states Respondents' actions violate federal regulations.  (*See id.* ¶¶ 54–56).  And in Count V, Petitioner contends Respondents' policy of detaining her is arbitrary, capricious, and contrary to law.  (*See id.* ¶¶ 57–58).  Therefore, the exception that may allow a habeas petition to survive a mootness challenge is inapplicable because Petitioner does not challenge a final order of removal; she challenges only her detention pending removal.  (*See generally id.*).

Given her release from custody on April 30, 2026, the relief Petitioner sought upon filing the Petition (*see* Pet. 8 (requesting that the Court "order Petitioner's immediate release if a bond hearing is not provided"), is no longer available to her, *see, e.g.*, *Mehmood v. U.S. Att'y Gen.*, 808 F. App'x 911, 913 (11th Cir. 2020) ("[Petitioner's] petition for habeas corpus seeks relief from immigration detention" but the court "cannot provide [that relief] because [s]he is no longer detained by ICE" (alterations added; footnote call number omitted)).  Thus, the Petition is moot. *See Westmoreland v. Nat'l Transp. Safety Bd.*, 833 F.2d 1461, 1462 (11th Cir. 1987) ("When effective relief cannot be granted because of later events, the [case] must be dismissed as moot." (alteration added; citation omitted)).

Accordingly, it is

**ORDERED AND ADJUDGED** that *pro se* Petitioner, Rafaelina Cupete Salazar's Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. Section 2241 **[ECF No. 7]** is **DISMISSED** without prejudice.  The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 12th day of May, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record
        Petitioner, *pro se*